Filed 11/26/13  P. v. Fleming CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> FABBERRENA FAE FLEMING, <br><br> Defendant and Appellant. | H039658 <br> (Santa Clara County <br> Super. Ct. No. C1119716) |

Pursuant to a plea agreement, defendant Fabberrena Fae Fleming pleaded no contest to possession of cocaine base for sale (Health & Saf. Code, § 11351.5), possession of methamphetamine for sale (*id*., § 11378), possession of a concealed firearm by a felon (former Pen. Code, § 12021, subd. (a)(1),[1] now § 29800), and being under the influence while armed with a firearm (Health & Saf. Code, § 11550, subd. (e)).

Fleming was sentenced to a total term of four years and eight months in prison, awarded credits and ordered to pay various fines and fees, detailed below.

We appointed counsel to represent Fleming in this court.  Appointed counsel filed an opening brief which states the case and the facts, but raises no specific issues.  We notified Fleming of her right to submit written argument in her own behalf within 30 days.  That period has elapsed, and we have received no written argument from Fleming.

---

[1] Further unspecified statutory references are to the Penal Code.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**[2]

At approximately 8:45 p.m. on November 11, 2011, San Jose Police Officers Soh and Dorn, were on duty in a marked patrol vehicle in a high crime area of San Jose, California.  Soh and Dorn saw a green Chrysler with expired registration near North 28 Street and Julian.

The officers activated their red and blue lights and siren to signal the driver of the Chrysler to stop, but it continued "quite a distance" before eventually pulling over.  The driver did not take any evasive action, but Soh testified it could have pulled over sooner.

While following the Chrysler, Soh could see the person in the passenger seat, later identified as Fleming, from the shoulders up.  He noticed she was bouncing up and down and shrugging her shoulders in movements he believed were consistent with pushing something down.  He could not see Fleming's hands at that time.  Based on his experience and training, Soh believed the passenger's behavior, in conjunction with the failure to immediately stop the vehicle, were consistent with an attempt to conceal a weapon or contraband.

When the vehicle stopped, Soh and a third officer immediately approached the passenger side of the vehicle.  Fleming was seated in the front passenger seat and Soh noticed that her pants and belt were unbuckled.  He kept an eye on her in case she attempted to pull out a weapon or hide anything.  Dorn told Soh they had consent to search the vehicle, so he asked Fleming to step out.  As she did so, Fleming pulled her sweater and shirt over her waistband.  Soh believed she was covering something and was concerned it was a weapon.

---

[2] As Fleming pleaded no contest, the facts are taken from the transcripts of the preliminary hearing and the hearing on her motion to suppress evidence under section 1538.5.

Soh and another officer patted her down for weapons and he felt a hard object, shaped like a firearm, in the front waistband area. Soh removed a loaded and operational firearm from Fleming's waistband. Fleming was placed under arrest and a further search of her person yielded $25 in cash, a bag of marijuana, 0.75 grams of methamphetamine, and 10 to 15 rocks of cocaine base in her pockets. Five of the cocaine rocks were packaged individually, and the other 10 rocks were all together in a sandwich bag. The methamphetamine was loosely packaged in one small baggie. According to Soh, who was qualified as an expert in the recognition of narcotics possessed for sales, the drugs were packaged in a format consistent with possession for sale.

As Soh transported Fleming to the jail for processing, Fleming exhibited symptoms of being under the influence of a controlled substance. Fleming's blood sample tested positive for methamphetamine and amphetamine.

Fleming was charged by information with possession of cocaine base for sale (Health & Saf. Code, § 11351.5) while personally armed with a firearm (§ 12022, subd. (c), count 1); possession of methamphetamine for sale (Health & Saf. Code, § 11378) while personally armed with a firearm (§ 12022, subd. (c), count 2); possession of a concealed firearm by a felon (former § 12021, subd. (a)(1), now § 29800, count 3); being a felon in possession of a loaded firearm in a public place (former § 12031, subd. (a)(1), now § 25800, count 4); being a felon in possession of a concealed firearm (former § 12025, subd. (a)(1), now § 25400, count 5); possession of drugs with a firearm (Health & Saf. Code, § 11370.1, count 6); and being under the influence while armed with a firearm (*id.*, § 11550, subd. (e), count 7). The information further alleged, with respect to counts 1 and 2, that Fleming had five prior drug trafficking convictions and was ineligible for probation (§ 1203.07, subd. (a)(11); Health & Saf. Code, §§ 11370.2, subds. (a), (b), 11370, subds. (a) & (c)). Fleming was also alleged to have a prior "strike" conviction for robbery (§§ 211, 212.5, subd. (b), 667, subds. (b)-(i), 1170.12) and two prior prison commitments (§ 667.5, subd. (b)).

3

Fleming's motion to suppress evidence pursuant to section 1538.5, subdivision (i) was denied, and she entered into a plea agreement. Pursuant to that agreement, Fleming would be sentenced to no more than six years in state prison, in exchange for pleading no contest to counts 1, 2, 3, and 7. After being advised of, and waiving her constitutional rights, Fleming admitted the priors, and pleaded no contest to the specified charges. In accord with the negotiated disposition, the court was to dismiss all remaining counts and special allegations, including the special allegations that Fleming committed counts 1 and 2 while armed.

After granting her *Romero*[3] motion, the court sentenced Fleming to four years and eight months in state prison, consisting of a four-year middle term for count 1, concurrent to two-year terms for counts 3 and 7, plus a consecutive eight month term (one-third the middle term) for count 2. The court awarded Fleming 1,093 days of credits, including 547 custody credits and 546 conduct credits.

The court imposed a restitution fine of $3,200, plus a parole revocation restitution fine in the same amount, pursuant to sections 1202.4, subdivision (b), and 1202.45. The court also imposed the following fines and fees: (1) a $129.75 criminal justice administrative fee, (2) a $160 court operations assessment; (3) a $120 conviction assessment; (4) a $150 lab analysis fee, plus a $450 penalty assessment; and (5) a $450 drug program fee, plus penalty assessment of $1,350.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the whole record and have concluded there is no arguable issue on appeal.

II.    **DISPOSITION**

The judgment is affirmed.

---

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

_____
                                        Premo, J.

WE CONCUR:


_____
        Rushing, P.J.




_____
        Elia, J.